(82 Misc. Rep. 408.)

### NEAL v. NEW YORK CITY POLICE ENDOWMENT FUND.

(Supreme Court, Appellate Term, First Department.  October 8, 1913.)

PLEADING (§ 343*)—NECESSITY OF PROOF—CONTROVERTED ALLEGATIONS.

In an action against a benefit society composed of members of a police department, the complaint alleged that under the by-laws, as amended, plaintiff was entitled, upon death, dismissal, retirement, or resignation, if a member in good standing for over 18 months, to $200, and that she had resigned.  The answer alleged an amendment of the by-laws, so as to provide that any member in good standing for five consecutive years, who might resign, should receive not less than $500, and that this amendment was in lieu of the provision relied upon by plaintiff.  Both sides rested on the pleadings, without introducing evidence.  Held, that the rights of the parties could only be determined upon the presentation of proof in support of the allegations of the complaint put in issue by the answer, and hence a judgment for plaintiff could not be sustained.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1048–1051;  Dec. Dig. § 343.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Mary M. Neal against the New York City Police Endowment Fund.  From a judgment for plaintiff, defendant appeals.  Reversed, and new trial ordered.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Grant & Rouss, of New York City (Jacob Rouss, of New York City, of counsel), for appellant.

William E. Murphy, of New York City, for respondent.

SEABURY, J.  The defendant is a membership corporation composed of members of the police department of the city of New York.  The plaintiff was a matron in the police department, and became a member of the defendant organization on October 1, 1909.  This action is brought to recover $200 alleged by the plaintiff to be

due her from the defendant under her certificate of membership in the defendant organization. The complaint alleged that, under the by-laws existing at the time the plaintiff became a member, she was entitled, in case of death, dismissal, or retirement, to $200, provided she was a member in good standing for over 18 months and less than 3 years, and that, subsequently, the by-laws were so amended as to provide for the payment of this sum upon the "resignation" of a member. It is further alleged that on February 26, 1912, the plaintiff resigned her position as matron in the police department. The answer by the defendant alleges that the by-laws were, subsequent to plaintiff's original membership, amended so as to provide that:

"Any member in good standing five consecutive years, who may resign from the police department of the city of New York, shall receive a sum of not less than $500."

The answer further alleged that this amendment was adopted in lieu of the provision, which provided for the payment of $200, upon which the plaintiff bases her claim. The defendant contended that, because the plaintiff had not been a member of the defendant organization for five years, she was not entitled to recover. No evidence was introduced upon the trial. Both sides moved for judgment on the pleadings. This motion was originally denied by the court, and then both sides announced that they "rested on the pleadings." The court reserved decision, and subsequently granted judgment in favor of the plaintiff. From that judgment the defendant appeals to this court.

The pleadings put in issue the facts upon which the plaintiff predicated her claim for judgment. Under these circumstances, the pleadings were not in such a condition that the court could render judgment upon them. No determination of the rights of the parties could be had upon the conflicting contentions presented by the pleadings. The rights of the parties could only be determined upon the presentation of proof, unless the parties admitted the facts. The controverted allegations of the complaint afford no basis for the award of judgment for the plaintiff. The allegations of the complaint being put in issue by the answer, the plaintiff was not entitled to judgment, unless she proved the controverted allegations.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.